

United States Department of Justice

United States Attorney
Southern District of West Virginia

June 2, 2010

Robert C. Byrd United States Courthouse
300 Virginia Street, E
Suite 4000
Charleston, WV 2530
FAX: (304) 347-5104

Mailing Address
Post Office Box 1713
Charleston, WV 25326-1713
304-345-2200
1-800-659-8726

FILED
NOV - 2 2010
TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

John G. Hackney, Jr., Esquire
1550 Kanawha Boulevard, East
Charleston, WV 25311

Re: United States v. Terry Tomblin

Dear Mr. Hackney:

This will confirm our conversations with regard to your client, Terry Tomblin (hereinafter "Mr. Tomblin"). As a result of these conversations, it is agreed by and between the United States and Mr. Tomblin as follows:

1. **CHARGING AGREEMENT.** Mr. Tomblin agrees to waive his right pursuant to Rule 7 of the Federal Rules of Criminal Procedure to be charged by indictment and will consent to the filing of a single-count information to be filed in the United States District Court for the Southern District of West Virginia, a copy of which is attached hereto as "Plea Agreement Exhibit A."

2. **RESOLUTION OF CHARGES.** Mr. Tomblin will plead guilty to a violation of 21 U.S.C. § 843(a)(3) (obtaining hydrocodone by fraud) as charged in said information.

3. **MAXIMUM POTENTIAL PENALTY.** The maximum penalty to which Mr. Tomblin will be exposed by virtue of this guilty plea is as follows:

(a) Imprisonment for a period of 4 years;

(b) A fine of $250,000, or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

(c) A term of supervised release of 1 year;

(d) A mandatory special assessment of $100 pursuant to 18 U.S.C. § 3013;

*T R T*
Defendant's initials

    (e)    Pursuant to 21 U.S.C. § 862(a)(1), the Court may deny certain federal benefits to Mr. Tomblin for a period of 5 years; and

    (f)    Restitution as may be ordered by the Court pursuant to 18 U.S.C. §§ 3663 and 3664.

    4.    **SPECIAL ASSESSMENT.** Mr. Tomblin has submitted certified financial statements to the United States reflecting that he is without sufficient funds to pay the special assessment due upon conviction in this case. Mr. Tomblin agrees that, if incarcerated, he will join the Inmate Financial Responsibility Program, earnings from which will be applied toward payment of the special assessment.

    5.    **PAYMENT OF MONETARY PENALTIES.** Mr. Tomblin agrees not to object to the District Court ordering all monetary penalties (including the special assessment, fine, court costs, and any restitution that does not exceed the amount set forth in this plea agreement) to be due and payable in full immediately and subject to immediate enforcement by the United States. So long as the monetary penalties are ordered to be due and payable in full immediately, Mr. Tomblin further agrees not to object to the District Court imposing any schedule of payments as merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

    6.    **COOPERATION.** Mr. Tomblin will be forthright and truthful with this office and other law enforcement agencies with regard to all inquiries made pursuant to this agreement, and will give signed, sworn statements and grand jury and trial testimony upon request of the United States. In complying with this provision, Mr. Tomblin may have counsel present except when appearing before a grand jury. Mr. Tomblin agrees to be named as an unindicted co-conspirator and unindicted aider and abettor, as appropriate, in subsequent indictments or informations.

    7.    **USE IMMUNITY.** Unless this agreement becomes void due to a violation of any of its terms by Mr. Tomblin, and except as expressly provided for in paragraph 9 below, nothing contained in any statement or testimony provided by Mr. Tomblin pursuant to this agreement, or any evidence developed therefrom, will be used

*TRT*
Defendant's initials

against Mr. Tomblin, directly or indirectly, in any further criminal prosecutions or in determining the applicable guideline range under the Federal Sentencing Guidelines.

8. **LIMITATIONS ON IMMUNITY.** Nothing contained in this agreement restricts the use of information obtained by the United States from an independent, legitimate source, separate and apart from any information and testimony provided pursuant to this agreement, in determining the applicable guideline range or in prosecuting Mr. Tomblin for any violations of federal or state laws. The United States reserves the right to prosecute Mr. Tomblin for perjury or false statement if such a situation should occur pursuant to this agreement.

9. **STIPULATION OF FACTS AND WAIVER OF FED. R. EVID. 410.** The United States and Mr. Tomblin stipulate and agree that the facts comprising the offenses of conviction and relevant conduct include the facts outlined in the "Stipulation of Facts," a copy of which is attached hereto as "Plea Agreement Exhibit B."

Mr. Tomblin agrees that if he withdraws from this agreement, or this agreement is voided as a result of a breach of its terms by Mr. Tomblin, and he is subsequently tried on any of the charges in the information, the United States may use and introduce the "Stipulation of Facts" in the United States case-in-chief, in cross-examination of Mr. Tomblin or of any of his witnesses, or in rebuttal of any testimony introduced by Mr. Tomblin or on his behalf. Mr. Tomblin knowingly and voluntarily waives, see United States v. Mezzanatto, 513 U.S. 196 (1995), any right he has pursuant to Fed. R. Evid. 410 that would prohibit such use of the Stipulation of Facts. If the Court does not accept the plea agreement through no fault of the defendant, or the Court declares the agreement void due to a breach of its terms by the United States, the Stipulation of Facts cannot be used by the United States.

The United States and Mr. Tomblin understand and acknowledge that the Court is not bound by the Stipulation of Facts and that if some or all of the Stipulation of Facts is not accepted by the Court, the parties will not have the right to withdraw from the plea agreement.

*TRT*
Defendant's initials

10. **AGREEMENT ON SENTENCING GUIDELINES.** Based on the foregoing Stipulation of Facts, the United States and Mr. Tomblin agree that the following provisions of the United States Sentencing Guidelines apply to this case.

One-count Information

USSG §2D1.1

Base offense level                                        8

Adjusted offense level                                    8

The United States and Mr. Tomblin acknowledge and understand that the Court and the Probation Office are not bound by the parties' calculation of the United States Sentencing Guidelines set forth above and that the parties shall not have the right to withdraw from the plea agreement due to a disagreement with the Court's calculation of the appropriate guideline range.

11. **WAIVER OF APPEAL AND COLLATERAL ATTACK.** The parties reserve the right to appeal the District Court's determination of the adjusted offense level, prior to consideration of acceptance of responsibility, if the District Court's determination differs from that stated in paragraph 10 above. Nonetheless, Mr. Tomblin knowingly and voluntarily waives his right to seek appellate review of any sentence of imprisonment or fine imposed by the District Court, or the manner in which the sentence was determined, on any other ground whatsoever including any ground set forth in 18 U.S.C. § 3742, so long as that sentence of imprisonment or fine is below or within the Sentencing Guideline range corresponding to offense level 8. The United States also waives its right to seek appellate review of any sentence of imprisonment or fine imposed by the District Court, or the manner in which the sentence was determined, on any other ground whatsoever including any ground set forth in 18 U.S.C. § 3742, so long as that sentence of imprisonment or fine is within or above the Sentencing Guideline range corresponding to offense level 6.

Mr. Tomblin also knowingly and voluntarily waives the right to challenge his guilty plea and his conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any

*TRT*
Defendant's
initials

collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.

The waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel.

12. **WAIVER OF FOIA AND PRIVACY RIGHT.** Mr. Tomblin knowingly and voluntarily waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without any limitation any records that may be sought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, following final disposition.

13. **FINAL DISPOSITION.** The matter of sentencing is within the sole discretion of the Court. The United States has made no representations or promises as to a specific sentence. The United States reserves the right to:

(a)  Inform the Probation Office and the Court of all relevant facts and conduct;

(b)  Present evidence and argument relevant to the factors enumerated in 18 U.S.C. § 3553(a);

(c)  Respond to questions raised by the Court;

(d)  Correct inaccuracies or inadequacies in the presentence report;

(e)  Respond to statements made to the Court by or on behalf of Mr. Tomblin;

(f)  Advise the Court concerning the nature and extent of Mr. Tomblin's cooperation; and

(g)  Address the Court regarding the issue of Mr. Tomblin's acceptance of responsibility.

14. **VOIDING OF AGREEMENT.** If either the United States or Mr. Tomblin violates the terms of this agreement, the other party will

_TRT_
Defendant's initials

have the right to void this agreement. If the Court refuses to accept this agreement, it shall be void.

15. **ENTIRETY OF AGREEMENT.** This written agreement constitutes the entire agreement between the United States and Mr. Tomblin in this matter. There are no agreements, understandings or recommendations as to any other pending or future charges against Mr. Tomblin in any Court other than the United States District Court for the Southern District of West Virginia.

Acknowledged and agreed to on behalf of the United States:

                    R. BOOTH GOODWIN II
                    United States Attorney

            By: _____
                    MONICA L. DILLON
                    Assistant United States Attorney

MLD/gjb
Enclosures

I hereby acknowledge by my initials at the bottom of each of the foregoing pages and by my signature on the last page of this 6-page agreement that I have read and carefully discussed every part of it with my attorney, that I understand the terms of this agreement, and that I voluntarily agree to those terms and conditions set forth in the agreement. I further acknowledge that my attorney advised me of my rights, possible defenses, the Sentencing Guideline provisions, and the consequences of entering into this agreement, that no promises or inducements have been made to me other than those in this agreement, and that no one has threatened me or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_____          6-09-10
TERRY TOMBLIN                              Date Signed
Defendant

_____          6-15-10
JOHN G. HACKNEY, JR., ESQUIRE              Date Signed
Counsel for Defendant


                                              TRT
                                          _____
                                          Defendant's
                                          initials

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

UNITED STATES OF AMERICA

v.  CRIMINAL NO. _____
 21 U.S.C. § 843(a)(3)

TERRY TOMBLIN

# I N F O R M A T I O N

The United States Attorney Charges:

On or about May 7, 2009, at or near Logan, Logan County, West Virginia, and within the Southern District of West Virginia, defendant TERRY TOMBLIN did knowingly and intentionally acquire and obtain possession of hydrocodone, a Schedule III controlled substance, by misrepresentation, fraud, forgery, deception and subterfuge.

In violation of Title 21, United States Code, Section 843(a)(3).

UNITED STATES OF AMERICA

R. BOOTH GOODWIN II
United States Attorney

By: _____
MONICA L. DILLON
Assistant United States Attorney

"PLEA AGREEMENT EXHIBIT A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

UNITED STATES OF AMERICA

v.  CRIMINAL NO. _____

TERRY TOMBLIN

## STIPULATION OF FACTS

The United States and Terry Tomblin stipulate and agree that the facts comprising the offense of conviction in the Information in the Southern District of West Virginia, and the relevant conduct for that offense, include the following:

From April 2005 until March of 2010, Terry Tomblin ("defendant") was a patient of the Veterans Affairs Medical Center in Huntington, West Virginia. Pursuant to his treatment at the Veterans Affairs Medical Center ("VA"), defendant signed controlled substance agreements for non-cancer patients. In the agreement, defendant agreed to receive all of his hydrocodone from the provider listed in the agreement, i.e. the Veterans Affairs Medical Center, and to not seek the medication from any other health care provider. During the same time period, defendant sought and obtained hydrocodone prescriptions from local medical providers in the Logan County, West Virginia area. Defendant did not disclose the hydrocodone prescriptions he received from other medical providers to the VA. In fact, defendant knew that if he disclosed the hydrocodone prescriptions, the VA would not continue to prescribe him hydrocodone.

Defendant signed his most recent controlled substance agreement with the VA on May 7, 2009. At that time, defendant did not disclose that he had received hydrocodone from another health care provider on April 21, 2009. Defendant purposefully withheld that information with the intent to fraudulently obtain hydrocodone from the VA. Defendant continued to receive hydrocodone from the VA and from other heal care professionals until March of 2010.

From April 2005 until March of 2010, defendant received 4,618 hydrocodone pills from WV physicians/pharmacies and 7,100 hydrocodone pills from the VA. During this time period, defendant

"PLEA AGREEMENT EXHIBIT B"

purposefully failed to disclose to the VA that he was receiving hydrocodone from other providers because he knew that the VA would not continue to provide him hydrocodone. Further, defendant did not disclose his prescription for hydrocodone from the VA to the other health care providers.

This Stipulation of Facts does not contain each and every fact known to defendant and to the United States concerning his involvement and the involvement of others in the charges set forth in the Indictment, and is set forth for the limited purpose of establishing a factual basis for the defendant's guilty plea.

Stipulated and agreed to:


_____          6-09-10
TERRY TOMBLIN                      Date
Defendant


_____          6-15-10
JOHN G. HACKNEY, ESQUIRE           Date
Counsel for Defendant


_____          6/16/10
MONICA L. DILLON                   Date
Assistant United States Attorney